UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEWART B. HERMAN,                         :
                                           :
                          Plaintiff,       :          25-CV-3162 (JHR) (RWL)
                                           :
            - against -                    :          **DECISION AND ORDER:**
                                           :          **MOTION TO STAY AND COMPEL**
KATTEN MUCHIN ROSENMAN LLP, NOAH           :          <u>**ARBITRATION**</u>
S. HELLER, and MICHAEL I. VERDE,           :
                                           :
                          Defendants.      :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On April 12, 2025, Stewart B. Herman, a former partner at the law firm Katten Muchin Rosenman LLP ("Katten" or the "Firm"), brought this action pro se against his former firm and its CEO, Noah S. Heller, and general counsel, Michael I. Verde. In a detailed complaint, Herman broadly asserts Katten wrongfully stifled his aviation finance practice, denied him certain benefits to which he was entitled, and, after months of acrimonious negotiations and various retaliatory actions, terminated him from the partnership on account of his age.

On May 21, 2025, Defendants moved for an order compelling arbitration and staying the present proceedings under the Federal Arbitration Act and pursuant to an arbitration provision in the Firm's partnership agreement. (Dkts. 13-15.) Herman opposed and, in his opposition (the "Opposition"), sought various relief from the Court, including a default judgment against the Defendants and an order disqualifying defense counsel. (Dkt. 18.)

For the reasons that follow, Defendants' motion is GRANTED insofar as the case will be STAYED pending arbitration, and Plaintiff's requests for relief are DENIED.

**A.    The Dispute Is Arbitrable For Purposes Of The Federal Arbitration Act**

Herman's relationship with Katten was governed by the Firm's partnership agreement (the "Agreement"), which is reproduced in relevant part at Dkts. 15-1 and 15-2.  Section 20 of the Agreement is a broad and compulsory arbitration provision, covering "[a]ny legal or equitable claim, demand, or dispute between" a former partner and the Firm "arising out of or relating to [the Agreement], the activities of a partner while engaged in business, or a Partner's relationship with the Firm or other Partners."  (*See* Dkt. 15-1 at ECF 8-9.)

Section 20 further provides:

> Prior to invoking arbitration, the initiating party must submit to the other party a written demand detailing a proposal for resolution of the dispute.  The parties shall attempt in good faith to reach a settlement, which shall include participation in mediation before an impartial mediator to occur prior to the arbitration hearing and as early in the process as practicable.

(*Id.*)  The Agreement further designates Katten's office in Chicago as the place of arbitration, Illinois law as the governing law, and incorporates the American Arbitration Association's (AAA) procedures for conducting the arbitration.  (*Id.* at ECF 8-10.)

The Federal Arbitration Act ("FAA" or the "Act") establishes procedures for enforcing arbitration agreements in federal court.  *See* 9 U.S.C. § 1 *et seq*.  The FAA reflects an "emphatic federal policy in favor of arbitral dispute resolution."  *KPMG LLP v. Cocchi*, 565 U.S. 18, 21, 132 S. Ct. 23, 25 (2011) (per curiam) (internal quotation marks and citation omitted).  The Court's inquiry under the Act into arbitration agreements is narrow.  Unless otherwise provided for in the agreement, courts consider only threshold

2

questions of arbitrability.[1] *Doctor's Associates, Inc. v. Alemayehu*, 934 F.3d 245, 250 (2d Cir. 2019).  Arbitrability is determined by a two-part test:  "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement."  *In re American Express Financial Advisors Securities Litigation*, 672 F.3d 113, 128 (2d Cir. 2011).  In applying this test, courts must "construe arbitration clauses as broadly as possible."  *Id.*; *see also Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941 (1983) ("doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

Critically, the parties here do not dispute that the Agreement reflects a valid agreement to arbitrate and that Plaintiff's claims in this litigation fall within the broad scope of Section 20.  (Mem. at 6-11; Opp. at 17-24.[2])  Rather, Herman argues Defendants waived their right to invoke Section 20 during the parties' pre-litigation negotiations regarding Herman's departure from the Firm in the summer of 2023.  (Opp. at 19-24.) Specifically, Herman relies on a June 27, 2023 email he sent to the individual defendants

---

[1] Defendants do not argue that the Agreement delegates any question of arbitrability to the arbitrator, notwithstanding the fact that courts in this District have interpreted similar contractual language as a delegation.  *See, e.g.*, *Gordon v. Wilson Elser Moskowitz Edelman & Dicker LLP*, No. 22-CV-5212, 2023 WL 2138693, at *7 (S.D.N.Y. Feb. 21, 2023) ("a broad arbitration agreement that incorporates the AAA rules, which explicitly empower an arbitrator to decide arbitrability, can be clear and unmistakable evidence of the parties' intent to arbitrate arbitrability") (applying New York law); *Syngenta Crop Protection, LLC v. Insurance Co. of North America, Inc.*, No. 18-CV-715, 2018 WL 1587601, at *4 (S.D.N.Y. March 29, 2018) (provision providing "'any dispute with respect to' the agreement be resolved through arbitration … [has] been held to be clear and unmistakable delegations to the arbitrator of questions of arbitrability," particularly when the agreement also incorporates AAA procedures) (applying New York law).

[2] "Mem." refers to Defendants' moving memorandum of law at Dkt. 14.

in which he extensively laid out his claims and made a $15 million settlement demand. (*See* Dkt. 19-1 at ECF 27-70.)  In the email, Herman invoked his rights under Section 20 and "demand[ed] immediate good faith settlement discussions conducted by a mediator, and (barring a settlement) arbitration."  (*Id.* at ECF 28-29.)  On July 11, 2023, Verde rejected Herman's $15 million demand as "not a serious counter-proposal" and stated "we will not discuss [the offer] further, in mediation or otherwise."  (*Id.* at 27.)  Instead, Verde reiterated the firm's final settlement offer for an amicable split "to avoid a protracted and acrimonious dispute."  (*Id.*)  Herman submits that Verde's refusal to entertain his offer and submit to mediation per Section 20 amounts to waiver of Defendants' right to invoke arbitration.  (Opp. at 19.)

Regardless of the merits of Herman's waiver argument, the Court must first determine if that issue may be decided by the Court or instead is a question itself to be resolved by an arbitrator.  As described above, only "threshold questions of arbitrability … presumptively should be resolved by the court and not referred to the arbitrator."  *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 6 F.4th 308, 317 (2d Cir. 2021) (internal quotation marks and citation omitted); *see also Mulvaney Mechanical, Inc. v. Sheet Metal Workers International Association, Local 38*, 351 F.3d 43, 45 (2d Cir. 2003) (describing this "relatively narrow category").  On the other hand, courts must avoid "questions relating to the procedures for arbitration and substantive defenses to the arbitration [which] are for the arbitrator to decide."  *Transport Workers Union of America v. Veolia Transportation Services, Inc.*, 24 F. Supp.3d 223, 230 (E.D.N.Y. 2014) (internal quotation marks and citation omitted).  Both the Supreme Court and Second Circuit have indicated that waiver presumptively falls in the latter category and, thus, is an issue for the arbitrator.  *Howsam*

4

*v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84, 123 S. Ct. 588, 592 (2002) ("the presumption is that the arbitrator should decide allegations of waiver") (internal quotation marks, brackets, and citation omitted); *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 394 (2d Cir. 2011) ("waiver and estoppel generally … [are] issues presumptively for the arbitrator"); *Mulvaney Mechanical*, 351 F.3d at 45 ("The latter category … includes disputes about such defenses to arbitrability as waiver").

However, the Second Circuit distinguishes between different types of waivers. Courts regularly "adjudicate waiver-based objections to arbitration when the type of waiver alleged is that the party seeking arbitration has participated in litigation on the dispute." *Pacelli v. Augustus Intelligence, Inc.*, 459 F. Supp.3d 597, 614 (S.D.N.Y. 2020); *see also Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 456 (2d Cir. 1995) (the Second Circuit "distinguishe[s] between cases where the waiver defense was based on prior litigation by the party seeking arbitration – when the court should decide the issue of waiver – and those when the defense was based on other actions"); *Bell v. Cendant Corp.*, 293 F.3d 563, 569 (2d Cir. 2002) (similar); *Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp.3d 498, 527 (S.D.N.Y. 2024) (similar). "This waiver-by-litigation-conduct exception has been carefully circumscribed." *Syngenta Crop Protection*, 2018 WL 1587601, at *3 (explaining this "single exception" is intended to discourage forum shopping).

Here, Herman argues Defendants' waiver occurred prior to – and not because of – Defendants' conduct litigating these claims. In circumstances like these, courts decline to decide the question of waiver.[3] *Bell*, 293 F.3d at 570 ("Because [plaintiff] never litigated

---

[3] Because Herman does not even raise a threshold issue of arbitrability, the Court need not determine if there are issues of fact for which a summary jury trial is required under Section 4 of the FAA. *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012)

the [claims], the District Court properly referred the waiver issue to the arbitrator");
*Syngenta Crop Protection*, 2018 WL 1587601, at *3 ("claim that [movant] has waived its
right to arbitrate through [out-of-court] conduct is for the arbitrator to decide, not this
Court"); *Yours2u Ltd. v. Blue Phoenix Media Inc.*, No. 16-CV-3620, 2017 WL 2562334, at
*5 (S.D.N.Y. June 5, 2017) ("To the extent that Plaintiff asserts waiver based on
Defendant's pre-litigation conduct, this is an issue for the arbitrator to decide, not the
Court"); *see also Allianz Risk Transfer (Bermuda) Ltd. v. High Lonesome Wind Power,
LLC*, No. 22-CV-5133, 2024 WL 1177720, at *10 n.10 (S.D.N.Y. March 19, 2024) (unable
to find a recent case where "pre-litigation repudiation of an arbitration agreement has
been resolved by the court, rather than … the arbitrator").  Accordingly, Herman's waiver
argument is for the arbitrator, not the Court, to decide.[4]

---

("trial is warranted [under the FAA] only if there exists one or more genuine issues of
material fact regarding whether the parties have entered into [an arbitration] agreement").
The Court also need not consider whether certain assertions in defense counsel's affidavit
supporting Defendants' motion are impermissible hearsay, as Herman argues.  (Opp. at
14-15.)

[4] Though not cited by Herman (who presents **no** case law in support of his waiver
argument), the Court is aware of a few in-Circuit cases where courts address a movant's
pre-litigation refusal to arbitrate – sometimes without considering why the issue was not
referred to the arbitrator.  *See, e.g.*, *Zhang v. Wang*, 317 F. App'x 26, 27-28 (2d Cir. 2008)
(summary order); *Schreiber v. Friedman*, No. 15-CV-6861, 2017 WL 5564114, at *11
(E.D.N.Y. March 31, 2017).  These cases trace their roots to the Second Circuit's 1957
ruling in *Lane, Ltd. v. Larus & Bro.*, which interpreted Section 3 of the FAA as prohibiting,
as a matter of fairness, a party who made "unjustifiable objections to a valid demand for
arbitration" from later "asking for arbitration after suit has been commenced."  243 F.2d
364, 367 (2d Cir. 1957).  *But see Distajo*, 66 F.3d at 455-56 (noting "the modern evolution
of our waiver doctrine does not correspond precisely to our understanding of the FAA
thirty years ago" and makes little "distinction between § 3 and § 4 actions").
    To the extent these cases apply, they are inapt.  Defendants did not refuse to
arbitrate.  Rather, they rejected mediation, a precursor to arbitration, as premature.
Moreover, Herman has failed to show an unjustifiable and unequivocable waiver of
arbitration.  *Cf. Schreiber*, 2017 WL 5564114, at *10-11 (waiver found where Defendant
"repeatedly refused to arbitrate," including after arbitration had been initiated and contrary

**B.    The Case Is Stayed Pending Arbitration**

"When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, [Section] 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478, 144 S. Ct. 1173, 1178 (2024).  The Court therefore stays the instant action pending arbitration between the parties.

**C.    The Court Lacks Authority Under The FAA To Compel Arbitration In Chicago**

Although the Court has the power, and obligation, to stay the instant action, it cannot affirmatively order the parties to arbitrate.  Section 4 of the FAA establishes the mechanism by which parties petition a court for an order compelling arbitration.  *See* 9 U.S.C. § 4.  A federal court, however, "lacks authority pursuant to 9 U.S.C. § 4 to compel arbitration outside its district."  *Sea Spray Holdings, Ltd. v. Pali Financial Group, Inc.*, 269 F. Supp.2d 356, 363 (S.D.N.Y. 2003) (internal quotation marks and citation omitted).  Absent the parties' consent to arbitrate in this District – which Herman declined to provide (Opp. at 17) – the Court cannot compel arbitration in Chicago, as provided for in the Agreement.  *DaPuzzo v. Globalvest Management Co.*, 263 F. Supp.2d 714, 738 (S.D.N.Y. 2003) ("Where an arbitration agreement contains a forum selection clause, a court may not order arbitration to occur beyond its district, but may order a stay").

---

to the orders of the arbitrator, and engaged in an "intentional pattern of gamesmanship and delay").  The emails Herman has submitted in opposition do not show a "positive and unequivocal election" by Katten to forego its right to arbitrate.  *Zhang*, 317 F. App'x at 28 (denying pre-litigation waiver argument on this basis) (internal quotation marks and citation omitted).  (*See generally* Dkt. 19-1.)  Indeed, Herman's later correspondence with the Firm suggests both parties believed Section 20 still governed their dispute after June 2023 and as late as March 2025.  (*See* Dkt. 19-2 at ECF 4-10 (parties, in June 2024, negotiating mediation in accordance with Section 20 and in anticipation of a future arbitration); *id.* at ECF 4 (Herman warning, in March 2025, if this matter "ends up before an arbitrator … my ask will be much more than what I am proposing to settle"); *id.* at ECF 1 (Katten informing Herman, in March 2025, "you have a right and obligation to initiate mediation before pursuing any claims in arbitration").)

Accordingly, Defendants' request for an order compelling arbitration, to the extent Defendants have not withdrawn it, is denied.[5]  (*See* Dkt. 20 at 10 (Defendants' reply acknowledging the Court's lack of authority to compel arbitration in this case and therefore seeking only an order staying the case).)

### D.    Plaintiff's Procedural Arguments Against A Stay Are Meritless

In a last-ditch effort to avoid a stay of this action, Herman raises a series of procedural arguments, none of which have any merit.

Herman first faults Defendants for failing to provide him – a pro se party – with courtesy copies of unpublished cases cited in their moving brief, as required by Local Rule 7.2.  (Opp. at 12.)  Herman claims this failure impaired his ability to oppose the motion and, without citing any authority, warrants outright denial of the motion.  (*Id.*)  This argument is unpersuasive.  As Defendants point out, Herman's opposition includes a close analysis of at least one unpublished case, suggesting Herman had access to the unpublished material cited by Defendants.  (*See* Opp. at 17 (analyzing *Gerena v. Neurological Surgery, P.C.*, No. 15-CV-4634, 2016 WL 3647782 (E.D.N.Y. June 9, 2016)).)  Herman's access is not at all surprising and Defendants' failure to provide courtesy copies of unpublished caselaw is of no consequence considering Herman is an attorney.  Further, if Herman's ability to access unpublished cases posed a true hurdle to

---

[5] Herman's related argument regarding Defendants' alleged failure to provide adequate notice under Section 4 of the Federal Arbitration Act before filing a motion to compel arbitration is moot.  (Opp. at 15-16.)  *See* 9 U.S.C. § 4 ("Five days' notice in writing … shall be served upon the [non-movant]").  To the extent this requirement also applies in the Section 3 context, the Court agrees with Defendants that Herman consented to service by electronic means (Dkt. 2) and, therefore, service was timely served on May 16, 2025, five days before Defendants filed their motion.  (*See* Dkt. 15-3 (copy of notice and certificate of service); Opp. at 15 ("[defense counsel] notified me by email on May 16, 2025 that the Defendants intended to file the Motion").)

his ability to oppose the motion, he readily could have reached out to defense counsel and, if necessary, sought an order from the Court requiring Defendants to comply with Local Rule 7.2. Herman did not do so, and the Court will not allow him now to opportunistically invoke his pro se status to defeat Defendants' motion based on, what is in the instant case, a trivial technicality. *See Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (a "district court generally has broad discretion to determine whether to overlook a party's failure to comply with local court rules") (internal quotation marks and citation omitted).

Herman next complains that Defendants' notice of motion incorrectly stated that "pursuant to Local Civil Rule 6.1, Plaintiff's opposition papers must be filed [in fourteen days]" when, in fact, Plaintiff had four weeks to respond under Judge Rearden's Local Rules Governing Pro Se Cases. (*See* Dkt. 13; Opp. at 12-13.) The day after Defendants filed their motion, however, the Court *sua sponte* set a briefing schedule on the motion which provided Herman more than four weeks to file his opposition. (Dkt. 16.) Accordingly, the Court sees no way in which Herman was prejudiced by Defendants' alleged oversight, much less a basis to deny the motion.

Last, Herman argues that Defendants failed to follow the Court's procedures for filing documents under seal. (Opp. at 13.) Not so. Defendants neither filed any document under seal nor sought leave to do so. Instead, Defendants submitted portions of various exhibits, and excised (via redaction) material which was not "relevant to the Motion."[6] (Dkt. 15 ¶ 3.)

---

[6] Specifically, Defendants excised provisions of the Agreement unrelated to arbitration, and Defendants' settlement offer to Herman contained in their FAA Section 4 notice. (*See*

### E.    Plaintiff's Other Requests For Relief

In his opposing brief, Herman makes several requests for relief, including a default judgment, leave to amend the complaint, disqualification of defense counsel, sanctions, and a pretrial conference.[7]  None are warranted.

First, Herman requests a default judgment against Defendants for their failure to answer the Complaint within 21 days of service as required by Federal Rule of Civil Procedure 12.  (Opp. at 7.)  Defendants, however, filed their motion to compel arbitration in the allotted time and, in that motion, requested an extended deadline to answer the Complaint.  (Mem. at 15 n.3.)  Under such circumstances, Defendants did not default. *See GP Acoustics (US) Inc. v. J&V Audio Inc.*, No. 17-CV-5305, 2017 WL 11570460, at *3 (S.D.N.Y. Dec. 6, 2017) (staying arbitration and extending defendants' time to answer "without date"); *General Media, Inc. v. Shooker*, No. 97-CV-510, 1998 WL 401530, at *13 (S.D.N.Y. July 16, 1998) (suspending certain defendants' time to respond to the complaint "in light of the stay [pending arbitration]").  Indeed, answering the Complaint would have been inconsistent with Defendants' request to stay the case and compel arbitration.

---

Dkts. 15-1, 15-3.)  Herman presumably had access to unredacted versions of both these exhibits and does not argue the excerpted versions are in any way misleading.

[7] As an initial matter, most of these requests are improper because they are contained in an opposition brief, not a motion.  Fed. R. Civ. P. 7 ("A request for a court order must be made by motion"); *see, e.g.*, *Jackson v. Annucci*, No. 20-CV-2008, 2021 WL 2581340, at *2 n.3 (S.D.N.Y. June 23, 2021) ("a motion for a default judgment [for failure to timely respond to a complaint] must be brought in a separate motion"); *S.E.C. v. Forma*, 622 F. Supp. 516, 517 (S.D.N.Y. 1985) (requiring "formal motion papers, affidavits, and memoranda of pertinent authorities … be filed" in request for order disqualifying counsel). Notwithstanding Herman's pro se status and the fact that he filed a notice of his opposition brief (*see* Dkt. 17), Plaintiff's requests can be denied on that basis alone.  *See Cox v. Department of Justice*, 111 F.4th 198, 207 (2d Cir. 2024) (pro se attorneys do not "receive the special solicitude typically owed pro se litigants").

Defendants' deadline to answer the Complaint is adjourned *nunc pro tunc*, and Plaintiff's request for a default judgment is denied.

Second, Herman seeks to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). Inasmuch as the case is now stayed pending arbitration, Herman's request is moot and denied without prejudice.

Third, Herman seeks disqualification of defense counsel, Katten attorneys Brian Muldrew and Tenley Mochizuki, under the witness-advocate rule because various other Katten attorneys are likely to testify at an eventual trial. (Opp. at 10-12.) *See* NY Rule of Professional Conduct 3.7(b) ("A lawyer may not act as advocate before a tribunal in a matter if another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial"). That request, too, is moot in light of the stay, and, in any event, is well premature. The "witness-advocate rule primarily concerns the trial process. The rule does not bar counsel's participation in pre-trial proceedings." *Williams v. Rosenblatt Securities Inc.*, No. 14-CV-4390, 2016 WL 590232, at *8 (S.D.N.Y. Feb. 11, 2016) (citation omitted). Here, the parties have not begun discovery and are likely years away from trial (on the slim chance there is one following arbitration). Accordingly, there is no basis to disqualify defense counsel at this juncture and Herman's request is denied without prejudice to renewing the motion at the appropriate time. *See id.*; *Ross v. Blitzer*, No. 09-CV-8666, 2009 WL 4907062, at *4 (S.D.N.Y. Dec. 21, 2009) (denying motion to disqualify law firm where it was "too early … [to] determin[e] with any certainty … [what] testimony will be necessary at trial or [whether] the content of that testimony is likely to be prejudicial"); *GBML LLC v. M2B Investors, Ltd.*, No. 22-CV-3138, 2022 WL 3566549,

at *2 (E.D.N.Y. Aug. 18, 2022) ("it is premature [before summary judgment] to determine whether the witness-advocate rule" applies because the "case at bar may never reach the trial stage").

Fourth, Herman summarily requests the Court order "appropriate sanctions" against defense counsel due to alleged misconduct. (Opp. at 24.) In particular, Herman asserts that defense counsel violated Rule 11(b) by mischaracterizing certain facts and causing unnecessary delay. (*See id.* at 24, 27.) If Herman intends to pursue these allegations, he must file a separate motion after the conclusion of the stay and comply with the specific requirements set forth in Rule 11(c). *See* Fed. R. Civ. P. 11(c) ("motion for sanctions must be made separately … and must describe the specific conduct …. The motion must be served under Rule 5, but it must not be filed … if the challenged paper … is withdrawn or appropriately corrected within 21 days after service"). Herman's request for sanctions thus is denied without prejudice. *Tornheim v. Federal Home Loan Mortgage Corp.*, 988 F. Supp. 279, 288 (S.D.N.Y. 1997) ("Since [movant] has not followed the proper procedures under Rule 11, the Court denies the sanction [request] without addressing its merits") (citation omitted), *aff'd*, 198 F.3d 235 (2d Cir. 1999).

Finally, Heman asks for a pretrial conference before the disposition of the instant motion "to discuss the expected progression of this case including discovery, clarify the issues, ensure that the Defendants are aware of the procedural rules with which they must comply, and discuss settlement options." (Opp. at 33.) In light of the stay and the instant order, Herman's request is moot. The Court will schedule a pretrial conference if and after the stay is lifted.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to stay is GRANTED, and the case is STAYED pending arbitration between the parties.  The parties shall file a joint status letter with the Court within five days after arbitration is concluded.  Plaintiff's request for default judgment is DENIED, and his other requests are DENIED WITHOUT PREJUDICE.  To the extent not discussed herein, the Court has considered all of the parties' arguments and determined them to be either moot or without merit.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  August 27, 2025
         New York, New York

Copies transmitted this date to all parties.