**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEWART B. HERMAN,  :
                    :
            Plaintiff,  :
                    :
        v.          :
                    :   Case No.: 1-25-cv-03162-JHR
KATTEN MUCHIN ROSENMAN LLP, NOAH S. HELLER,  :
AND MICHAEL I. VERDE,  :
                    :
            Defendants.  :
                    :
                    :
                    :
                    :
                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO SET ASIDE**
**JUDGE LEHRBURGER'S DECISION AND ORDER STAYING THIS ACTION**

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................... 1

STATEMENT OF RELEVANT FACTS ....................................... 2

STANDARD OF REVIEW ...................................................... 3

ARGUMENT ....................................................................... 4

    I. WAIVER OF THE RIGHT TO ARBITRATE BASED ON PRE-LITIGATION CONDUCT IS AN ISSUE FOR AN ARBITRATOR, NOT THE COURT, TO DECIDE ........................................................................ 5

    II. NO SUMMARY TRIAL WAS REQUIRED UNDER THE FAA ............... 7

    III. A STAY OF THIS ACTION WAS REQUIRED UNDER THE FAA ..... 10

    IV. HERMAN'S PROCEDURAL ARGUMENTS AND OTHER REQUESTS FOR RELIEF WERE PROPERLY REJECTED ....................... 13

    V. "CLEARLY ERRONEOUS" OR "CONTRARY TO LAW" DOES NOT ENCOMPASS POTENTIAL "POISONING" A POOL OF ARBITRATORS OR JUDICIAL "BIAS" ............................................ 15

CONCLUSION .................................................................. 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderjaska v. Bank of Am., N.A.*,
   523 F. Supp. 3d 456 (S.D.N.Y. 2021) ........................................................................................11

*Apple & Eve, LLC v. Yantai North Andrew Juice Co., Ltd.*,
   610 F.Supp.2d 226 (E.D.N.Y. 2009) .........................................................................................12

*Argus Media Ltd. v. Tradition Fin. Servs. Inc.*,
   No. 09 CIV. 7966 (HB), 2009 WL 5125113 (S.D.N.Y. Dec. 29, 2009) ...............................11

*Barbini v. First Niagara Bank, N.A.*,
   331 F.R.D. 454 (S.D.N.Y. 2019) ...............................................................................................15

*Boustead Sec., LLC v. Leaping Grp. Co.*,
   656 F. Supp. 3d 447 (S.D.N.Y. 2023) ..........................................................................................6

*Carter v. Artuz*,
   No. 95 CIV. 2361 CSH KNF, 1999 WL 46685 (S.D.N.Y. Feb. 1, 1999) ..............................17

*Caruso Glynn, LLC v. Sai Tr.*,
   No. 11 CV 4360 VB, 2012 WL 4053802 (S.D.N.Y. July 9, 2012) ........................................15

*Clinton v. Oppenheimer & Co. Inc.*,
   824 F. Supp. 2d 476 (S.D.N.Y. 2011) .......................................................................................15

*Colliton v. Cravath, Swaine & Moore LLP*,
   No. 08 CIV 0400 (NRB), 2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008), *aff'd*,
   356 F. App'x 535 (2d Cir. 2009) ...............................................................................................18

*Commerzbank AG v. U.S. Bank, N.A.*,
   100 F.4th 362 (2d Cir. 2024) .....................................................................................................14

*Cox v. Department of Justice*,
   111 F.4th 198 (2d Cir. 2024) .....................................................................................................17

*Creighton v. City of New York*,
   No. 12 CIV 7454, 2015 WL 8492754 (S.D.N.Y. Dec. 9, 2015).................................................4

*DaPuzzo v. Globalvest Management Co*,
   263 F. Supp.2d 714 (S.D.N.Y. 2003).........................................................................................10

*Doctor's Associates, Inc. v. Distajo*,
   66 F.3d 438 (2d Cir. 1995)...............................................................................................5, 8, 11

*Gerena v. Neurological Surgery, P.C.*,
    No. 15-CV-4634, 2016 WL 3647782 (E.D.N.Y. June 9, 2016) .........................................13, 14

*Gonder v. Dollar Tree Stores, Inc.*,
    144 F. Supp. 3d 522 (S.D.N.Y. 2015) ...........................................................................................6

*ITT World Commc'ns, Inc. v. Commc'ns Workers of Am., AFL-CIO*,
    422 F.2d 77 (2d Cir. 1970) .......................................................................................................6, 14

*La Grande v. Adecco*,
    410 F. Supp. 2d 96 (N.D.N.Y. 2006) ...........................................................................................15

*McAllan v. Von Essen*,
    517 F. Supp. 2d 672 (S.D.N.Y. 2007) ...........................................................................................4

*Morgan Art Found. Ltd. v. McKenzie*,
    No. 1:18-CV-04438 (JLR) (BCM), 2025 WL 2528301 (S.D.N.Y. Sept. 3,
    2025) ......................................................................................................................................4, 6, 9

*Nat'l City Golf Fin. v. Higher Ground Country Club Mgmt. Co., LLC*,
    641 F. Supp. 2d 196 (S.D.N.Y. 2009) .........................................................................................11

*Pacelli v. Augustus Intelligence, Inc.*,
    459 F. Supp. 3d 597 (S.D.N.Y. 2020) ...........................................................................................5

*Palmer v. Starbucks Corp.*,
    735 F. Supp. 3d 407 (S.D.N.Y. 2024) ...........................................................................................6

*Parke-Hayden, Inc. v. Loews Theatre Mgmt. Corp.*,
    794 F. Supp. 525 (S.D.N.Y. 1992) ..............................................................................................10

*Prudential Lines, Inc. v. Exxon Corp.*,
    704 F.2d 59 (2d Cir. 1983) ............................................................................................................8

*S & R Co. of Kingston v. Latona Trucking, Inc.*,
    159 F.3d 80 (2d Cir. 1998) ..........................................................................................................14

*Samad Bros., Inc. v. Bokara Rug Co., Inc.*,
    No. 09 Civ. 5843, 2010 WL 5095356 (S.D.N.Y. Dec. 13, 2010) .................................................3

*In re Sanchez*,
    790 Fed. App'x 293 (2d Cir. 2019) ..............................................................................................18

*Schatzmann v. Harris Partners Ltd.*,
    No. 21 CIV. 7301 (KPF), 2024 WL 1255296 (S.D.N.Y. Mar. 22, 2024) .....................................11

*Schnabel v. Trilegiant Corp.*,
    697 F.3d 110 (2d Cir. 2012) ..........................................................................................................7

*Smith v. Spizzirri,*
    601 U.S. 472 (2024)..............................................................................................12, 14

*Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic,*
    924 F. Supp. 2d 508 (S.D.N.Y. 2013)...............................................................3, 4, 7

*Thomas v. Astrue,*
    674 F. Supp. 2d 507 (S.D.N.Y. 2009)........................................................................15

*United States v. Snow,*
    462 F.3d 55 (2d Cir. 2006)..........................................................................................4

*Wilder v. GL Bus Lines,*
    258 F.3d 126 (2d Cir. 2001)......................................................................................18

*Williams v. Rosenblatt Securities Inc.,*
    No. 14-CV-4390, 2016 WL 590232 (S.D.N.Y. Feb. 11, 2016)..............................10

*World Brilliance Corp. v. Bethlehem Steel Co.,*
    342 F.2d 362 (2d Cir. 1965)...................................................................................8, 9

*Yunus v. Robinson,*
    No. 17-cv-05839 (AJN), 2019 WL 168544 (S.D.N.Y. Jan. 11, 2019) ......................4

**Statutes**

9 U.S.C. § 3 ............................................................................................... *passim*

9 U.S.C. § 4 ............................................................................................... *passim*

28 U.S.C. § 144 .................................................................................................17

28 U.S.C. § 455(b)(1) ........................................................................................17

**Rules**

Fed. R. Civ. P. 72(a) ................................................................................. *passim*

Local Rule 6.1 ...................................................................................................12

Local Rule 7.2 ...................................................................................................13

Defendants Katten Muchin Rosenman LLP ("Katten" or the "Firm"), Noah S. Heller ("Heller"), and Michael I. Verde ("Verde," and together with Katten and Heller, "Defendants") respectfully submit this memorandum of law in opposition to the objections, filed by plaintiff Stewart B. Herman ("Plaintiff" or "Herman") pursuant to Fed. R. Civ. P. ("Rule") 72(a) (ECF Nos. 23-25) (the "Objections"), to Magistrate Judge Lehrburger's decision and order, dated and entered August 27, 2025, staying this action in favor of arbitration (ECF No. 22) (the "Arbitration Order").

## PRELIMINARY STATEMENT

Judge Lehburger methodically addressed each party's arguments and issued a decision based on bedrock authority within the Circuit. Herman's Objections fall far short of demonstrating that the Arbitration Order is "clearly erroneous or [ ] contrary to law," such that it should be set aside. That, plus the substantial deference this Court must give to its magistrate's sound decision, should be sufficient to affirm the Arbitration Order and reject Herman's Objections and other requests for relief.

Herman offers scattershot objections that are not only procedurally improper and legally wrong, but frequently internally inconsistent – for example, Herman complains that Judge Lehrburger did not decide whether Defendants waived their right to arbitration (leaving that decision instead for the arbitrator); but, pages later, derides Judge Lehrburger for wrongly deciding that Defendants did not waive arbitration. Similarly, Herman objects to Judge Lehrburger's purported consideration of statements in a declaration submitted by Defendants' counsel, yet then himself relies on statements in the same declaration to support his claim that Defendants waived their right to arbitrate.

While it may be common for unsuccessful *pro se* plaintiffs to accuse a judge of bias, Herman is a veteran lawyer who should know better. Herman accuses Judge Lehrburger of being

1

"biased in favor of Defendants" and seeking "opportunities to send [ ] Plaintiff's case to an arbitrator with an official imprimatur of disapproval." ECF No. 24 at 13, 21. This is a temper tantrum, not a legal argument, and should be considered in weighing the credibility of Herman's other factual assertions.

Ultimately, Herman is the architect of his own misfortune. He rejected Katten's offers to exit the Firm gracefully, and later rebuffed efforts to mediate as required by the parties' partnership agreement. ECF No. 22 at 1, 6-7 fn.4; *see also* ECF No. 15 ¶¶ 9-11; ECF No. 19 at ¶¶ 4-8. When the state and federal agencies to whom Herman submitted complaints passed on taking up his claims, Herman did not comply with the terms of Katten's partnership agreement and start a confidential mediation and arbitration process; instead, he decided to try to generate negative publicity for Katten by filing in this Court, knowing full well that Defendants would move to stay or compel arbitration in response. ECF No. 1-1 at ¶¶ 109-116. Defendants even asked Herman if he would consent to their motion to stay this action and compel arbitration (ECF No. 15-3), but he again refused, thereby ensuring full briefing and decision on the motion. ECF No. 18. Herman had his opportunity to air his grievances in public, and now it is time to confirm Judge Lehrburger's decision staying this action in favor of arbitration, where it has belonged all along.

## STATEMENT OF RELEVANT FACTS[1]

Herman was a partner at Katten. ECF No. 22 at 1. His relationship with the Firm was governed by its partnership agreement (the "Partnership Agreement"), which contains a "broad and compulsory arbitration provision." *Id.* at 2.

Herman was expelled from the Firm in August 2023. ECF No. 1-1 ¶ 91; ECF No. 15 ¶ 9. Katten later received notice that Herman had filed complaints with the United States Department

---

[1] Defendants include only those facts relevant to considering Herman's Objections.

of Labor ("DOL"), Equal Employment Opportunity Commission ("EEOC"), and the New York State Division of Human Rights ("NYSDHR").  ECF No. 15 ¶ 10; ECF Nos. 1-2, 1-3, and 1-5.  Katten filed responses to those complaints.  ECF Nos. 23-1, 23-2, 23-3.  DOL did not pursue Herman's claims (ECF 1-1 ¶ 116), the EEOC issued a right-to-sue letter (ECF No. 1-4), and the NYSDHR investigation, while ongoing, has not resulted in any charges being brought against Defendants.  ECF No. 19-2 at 3.

On April 12, 2025, Herman filed this action.  ECF No. 1.  On May 16, 2025, counsel for Defendants contacted Herman to urge him to resolve this dispute as required by the Partnership Agreement, and advised him that, to the extent he refused, Defendants would move to stay and/or compel arbitration.  ECF No. 22 at 8 fn.5; ECF No. 15 ¶ 14.  Herman did not respond and Defendants filed their motion on May 21, 2025.  ECF Nos. 13-15.  Herman filed his opposition to the motion on June 18, 2025, including several unrelated requests for relief, such as a default judgment, leave to amend his complaint, disqualification of Defendants' counsel, sanctions, and some unspecified remedy for allegedly improper redaction.  ECF No. 22 at 10-12; ECF No. 18.

Judge Lehrburger entered the Arbitration Order on August 27, 2025, granting Defendants' motion to stay this action and denying all of Herman's requests.  ECF No. 22 at 1, 13.  Herman filed his Objections on September 8, 2023.  ECF Nos. 23-25.  Defendants now timely file their response to his Objections.

## STANDARD OF REVIEW

The party seeking to overturn a magistrate judge's decision on a non-dispositive matter carries "a heavy burden."  *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (*citing Samad Bros., Inc. v. Bokara Rug Co., Inc.*, No. 09 Civ. 5843, 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010)).  A magistrate judge's

ruling may be set aside only if the district court finds the ruling to be "clearly erroneous or [ ] contrary to law." Fed. R. Civ. P. 72(a); *Thai Lao*, 924 F. Supp. at 511. A decision is "clearly erroneous" when, upon review of the entire record, the district court is "left with the definite and firm conviction that a mistake has been committed." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (*quoting United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)). A decision is "contrary to law" if it fails to apply or misapplies relevant law. *Thai Lao*, 924 F. Supp at 512.

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *McAllan*, 517 F. Supp. at 678. Arguments not raised before the magistrate – *i.e.*, those "made for the first time in objection" – are waived. *Morgan Art Found. Ltd. v. McKenzie*, No. 1:18-CV-04438 (JLR) (BCM), 2025 WL 2528301, at *9 (S.D.N.Y. Sept. 3, 2025) (*citing Yunus v. Robinson*, No. 17-cv-05839 (AJN), 2019 WL 168544, at *7 (S.D.N.Y. Jan. 11, 2019)). Similarly, "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge." *Thai Lao*, 924 F. Supp. 2d at 512. This limited scope of review makes sense because "the district court functionally operates as an appellate court under Rule 72(a)." *See Creighton v. City of New York*, No. 12 CIV 7454, 2015 WL 8492754, at *5 (S.D.N.Y. Dec. 9, 2015) (citations omitted).

## **ARGUMENT**

Although Herman's brief lists thirteen separate points, his Objections generally fall into only four categories: whether a court or arbitrator decides if a party has waived its right to arbitrate; the propriety of a summary trial under Section 4 of the Federal Arbitration Act ("FAA"); the court's authority to order a stay under Section 3 of the FAA; and whether Judge Lehrburger correctly denied Herman's various "procedural" arguments and other requests. For the reasons

discussed below, all of these Objections are meritless.

**I.**

**WAIVER OF THE RIGHT TO ARBITRATE BASED ON PRE-LITIGATION CONDUCT IS AN ISSUE FOR AN ARBITRATOR, NOT THE COURT, TO DECIDE**

In the Arbitration Order, Judge Lehrburger properly articulated the difference between pre-litigation claims of waiver (to be decided by an arbitrator) and waiver claims based on participation in litigation (to be decided by a court). ECF No. 22 at 4-6; *see, e.g., Pacelli v. Augustus Intelligence, Inc*., 459 F. Supp. 3d 597, 614 (S.D.N.Y. 2020); *see also Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 456 (2d Cir. 1995). Ultimately, Judge Lehrburger found that because the conduct relied upon by Herman for his argument of waiver took place pre-litigation, the issue of whether Defendants' conduct constituted waiver was for the arbitrator to decide. ECF No. 22 at 5-6.

Through the Objections, Herman appears not to dispute the applicable standard – *i.e.*, a court only decides litigation-based waiver, while an arbitrator decides pre-litigation waivers. Instead, Herman argues that Judge Lehrburger should have decided the waiver issue because Defendants' responses to Herman's EEOC and NYSDHR complaints constitute "substantive litigation activity." ECF No. 24 at 3. That is, Herman seems to disagree with the definition of litigation itself.

*First*, this new argument is not properly before the Court. Nowhere in Herman's complaint, proposed amended complaint, or opposition to Defendants' motion to stay, does Herman *ever* tie his waiver argument to Defendants' responses to his EEOC and NYSDHR complaints, or any other purported participation in litigation. Indeed, Herman's former position is just the opposite, arguing that Defendants waived their right to arbitrate because they expressly ***refused to participate*** in a mediation, arbitration or other resolution processes. ECF No. 18 at 17-24; ECF No. 19 at ¶¶ 7-8;

5

ECF Nos. 19-1 and 19-2; ECF No. 1-1 at ¶¶ 16, 86-87.  Having failed to raise this (contradictory) argument before Judge Lehrburger, Herman has waived it.  *Morgan Art*, 2025 WL 2528301, at *9-10 (rejecting objections to non-dispositive sanctions where arguments were not raised before magistrate judge).

*Second*, even if the Court were to consider this new argument (and it should not), Herman cites no authority for the proposition that participating in administrative investigations is "substantive litigation activity."  ECF No. 24 at 3-6.  This is because courts in this district have squarely held the opposite.  "[An employer's] participation in the EEOC and [NYS]DHR investigations, while engaging [employee's] claims on their merits, is not considered 'litigation' for the purposes of determining waiver."  *Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522, 529 (S.D.N.Y. 2015); *see also Palmer v. Starbucks Corp.*, 735 F. Supp. 3d 407, 420 (S.D.N.Y. 2024).[2]  Thus, Defendants' participation in the EEOC and NYSDHR investigations does not constitute "litigation activity" as a matter of law, Judge Lehrburger's decision that the waiver issue should be decided by the arbitrator is not "clearly erroneous" or "contrary to law," and Herman's Objections should be rejected entirely.

Notwithstanding his position that Judge Lehrburger **should have** decided the waiver issue, Herman immediately complains that Judge Lehburger **did** decide the issue (against him) but should **not** have.  ECF No. 24 at 2, 7-11.  This argument is contradictory and wrong.  The key language appears in footnote 4 of the Arbitration Order.  Having concluded that "Herman's waiver argument is for the arbitrator, not the Court, to decide" (ECF No. 22 at 6), Judge Lehrburger uses the footnote

---

[2] Even participation in actual litigation may not constitute waiver.  *See, e.g., ITT World Commc'ns, Inc. v. Commc'ns Workers of Am., AFL-CIO*, 422 F.2d 77, 82-83 (2d Cir. 1970) (no waiver of right to arbitrate where defendant answered complaint and then moved to stay in favor of arbitration); *Boustead Sec., LLC v. Leaping Grp. Co.*, 656 F. Supp. 3d 447, 452-53 (S.D.N.Y. 2023) (no waiver of right to arbitrate where defendant moved to compel arbitration or dismiss or stay, in lieu of filing an answer to complaint).

to distinguish "a few in-Circuit cases where courts address a movant's pre-litigation refusal to arbitrate – sometimes without considering why the issue was not referred to an arbitrator." *Id.* fn.4. To the extent this footnote contains any findings at all, they are limited to the narrow conclusion that these outlier cases are "inapt" because Defendants did not exhibit a pre-litigation refusal to arbitrate that would be deemed a waiver. *Id.*[3] Far from contradicting his holding that an arbitrator should decide Herman's pre-litigation waiver argument, Judge Lehrburger's footnote simply engages with outlier authority, providing a clear record of his thorough review.

## II.

## <u>NO SUMMARY TRIAL WAS REQUIRED UNDER THE FAA</u>

Judge Lehrburger properly found that Herman was not entitled to a summary trial under the FAA. ECF No. 22 at 5-6 fn.3. Specifically, Judge Lehrburger determined that because "the parties here do not dispute that the [Partnership] Agreement reflects a valid agreement to arbitrate and that Plaintiff's claims in this litigation fall within the broad scope of Section 20" (*id.* at 3), there was no "threshold issue of arbitrability," and accordingly, "the Court need not determine if there are issues of fact for which a summary jury trial is required under Section 4 of the FAA." *Id.* at 5 fn.3 (*citing Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012)).

Judge Lehrburger's finding is sound. The Second Circuit is clear that the FAA provides for a summary trial "only if there exists one or more genuine issues of material fact regarding ***whether the parties have entered into [an arbitration] agreement***." *Schnabel*, 697 F.3d at 118 (emphasis added). Critically, even in his Objections, Herman does not dispute that the Partnership

---

[3] Herman also objects to Judge Lehrburger's finding that Herman "has failed to show an unjustifiable and unequivocal waiver of arbitration." ECF No. 24 at 7. In an apparent effort to show that Defendants did "unequivocally" waive arbitration, Herman discusses at length emails from June 2023, June 2024, and March 2025. *Id.* at 7-9. But Herman failed to include citations to those emails or other evidence, and thus he has not provided any support that the Court can rely on. And in all events, certain of those emails, and the communications allegedly set forth therein, do not appear to have been presented to the Court previously, so the Court need not consider this new information. *Thai Lao*, 924 F. Supp. 2d at 512.

Agreement constitutes a valid arbitration agreement that covers his claims in this action. That should end the inquiry.

Herman's Objection is premised on an argument that he is entitled to a summary trial on the issue of waiver. Herman is wrong. The Second Circuit has expressly held that Section 4 of the FAA does not provide a summary trial for waiver issues. *World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362, 364-5 (2d Cir. 1965); *see also Prudential Lines, Inc. v. Exxon Corp.*, 704 F.2d 59, 67 (2d Cir. 1983). *World Brilliance* – a case discussed at length in *Distajo*, 66 F.3d 438 (2d Cir. 1995), one of the cases Herman relies on (ECF No. 24 at 15-16) – is particularly instructive as it involved the same fact pattern as here: one party (World) moved to compel arbitration, and the other party (Bethlehem) argued that the moving party had waived its rights under the arbitration clause. *Id*. at 363. Like Herman, Bethlehem argued that it was entitled to a jury trial on the waiver issue. *Id*. at 363-64. The Second Circuit rejected this claim, explaining:

> Section 4 of the Act provides:
>
> 'If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. * * * Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, * * * demand a jury trial of such issue * * *.'
>
> Bethlehem argues that these provisions apply to the defense of waiver, because waiver 'un-makes' the arbitration agreement or constitutes a 'failure, neglect, or refusal' by the petitioner (World) to perform the same.
>
> The claim that a defense of waiver raises an issue relating to 'the making of the arbitration agreement' stretches the language of the statute [Section 4 of the FAA] beyond tolerable limits. *Cf.* Robert Lawrence, *supra*, at 411. *Cf. El Hoss Eng'r & Transp. Co. v. American Independent Oil Co*., 289 F.2d 346 (2 Cir.), *cert. denied*, 368 U.S. 837, 82 S.Ct. 51, 7 L.Ed.2d 38 (1961). As for the phrase 'failure, neglect, or refusal to perform the same,' its meaning is clarified by the opening words of Section 4:

'A party aggrieved by the alleged failure, neglect, or refusal *of another* to arbitrate under a written agreement for arbitration may petition any United States district court * * * for an order directing that such arbitration proceed in the manner provided for in such agreement.' (Emphasis supplied.)

By repeating the words 'failure, neglect, or refusal' in the clauses, quoted above, providing for a judicial disposition of certain issues, **Congress intimated that it was only the failure 'of another,' the respondent (Bethlehem), which would be subject to adjudication**. *RFC v. Harrisons & Crosfield, Ltd*., 204 F.2d 366, 368, 37 A.L.R.2d 1117 (2 Cir.), *cert. denied*, 346 U.S. 854, 74 S.Ct. 69, 98 L.Ed. 368 (1953). Here, the failure to arbitrate, alleged defensively by the respondent (Bethlehem), was the failure of the petitioner (World) itself.

342 F.2d at 364-65 (alterations in original; bold emphasis added).  In other words, Section 4 of the FAA does not provide the party resisting arbitration (like Herman here) with a summary trial of whether the party seeking arbitration waived its rights; instead, as Judge Lehrburger correctly held (ECF No. 22 at 6), waiver issues raised by a resisting party are for an arbitrator to determine.  342 F.2d at 364.

As a related point, Judge Lehrburger properly denied as moot Herman's request to disqualify Defendants' counsel.  ECF No. 22 at 11.  Herman originally argued that disqualification was necessary in connection with a trial on the merits.  ECF No. 18 at 11.  In his Objections, Herman argues, for the first time, that disqualification is required in connection with the (inapplicable) summary trial of the waiver issue.  ECF No. 24 at 17-18.  Again, having failed to raise this argument before Judge Lehrburger, Herman cannot now avail himself of it now.  *Morgan Art*, 2025 WL 2528301, at *9-10.  More fundamentally, as discussed above, Herman is not entitled under Section 4 of the FAA to a summary trial on the waiver issue (*World Brilliance*, 342 F.2d at 364-5), and thus there is no Katten testimony needed at this time.  And even if the Court were to entertain this belated and legally groundless argument, Herman has not come anywhere close to

demonstrating a basis to disqualify Katten.  As Judge Lehrburger noted, the "witness-advocate rule primarily concerns the trial process.  The rule does not bar counsel's participation in pre-trial proceedings."  ECF No. 22 at 11 (*quoting Williams v. Rosenblatt Securities Inc.*, No. 14-CV-4390, 2016 WL 590232, at *8 (S.D.N.Y. Feb. 11, 2016) (citation omitted)).  Here, the parties have not even begun discovery and as such, Herman's request for disqualification is premature.  ECF No. 22 at 11.  Finally, Herman ignores the relevant standard, which is that the anticipated testimony is both "necessary" and "substantially likely to be prejudicial" to the party represented by the firm. *Parke-Hayden, Inc. v. Loews Theatre Mgmt. Corp.*, 794 F. Supp. 525, 527-29 (S.D.N.Y. 1992). Herman has not even suggested how the testimony of the Katten witnesses would be prejudicial to Katten.  On this issue, too, there is no holding "clearly erroneous or [ ] contrary to law."

## III.

## A STAY OF THIS ACTION WAS REQUIRED UNDER THE FAA

Herman next objects that the stay imposed in the Arbitration Order was improper because Judge Lehrburger lacked the power to compel arbitration.  ECF No. 24 at 18.  Herman reasons that "the Court's issuance of a motion to compel arbitration is a condition precedent to the power of the Court to stay the action."  *Id*.  Herman is wrong.  Under the plain language of the FAA, a stay under Section 3, and compelling arbitration under Section 4, are separate remedies and subject to different standards.  *See* FAA §§ 3 and 4. Herman fails to cite any authority (because there is none) to support the proposition that a court can only issue a stay after it has issued an order compelling arbitration.

Herman also attacks Judge Lehrburger's citation to *DaPuzzo v. Globalvest Management Co*, 263 F. Supp.2d 714 (S.D.N.Y. 2003) – for the proposition that the Court is empowered to grant a stay (despite the inability to compel arbitration) (ECF No. 22 at 7) – as reliance on "thin" authority. ECF No. 24 at 19-20.  But *DaPuzzo* is merely one of many cases in this Circuit that has

held that, although a motion to compel cannot be granted, a stay is appropriate. *See, e.g., Anderjaska v. Bank of Am., N.A.*, 523 F. Supp. 3d 456, 463-64 (S.D.N.Y. 2021) ("while the Court 'cannot grant Defendant's motion to compel,' it can issue 'an order staying the litigation pending a final outcome of the arbitration'"); *Nat'l City Golf Fin. v. Higher Ground Country Club Mgmt. Co., LLC*, 641 F. Supp. 2d 196, 202 (S.D.N.Y. 2009) ("[b]ecause the arbitration provision in ProLink's Service Agreement provides for arbitration in Maricopa County, Arizona … only a … stay of proceedings pending arbitration is available as relief in this case"); *see also Schatzmann v. Harris Partners Ltd.*, No. 21 CIV. 7301 (KPF), 2024 WL 1255296, at *12 (S.D.N.Y. Mar. 22, 2024) ("[t]he Court can neither dismiss that action nor compel an arbitration in accordance with the arbitration provision.  It can and will, however, stay this matter pending arbitration"); *Argus Media Ltd. v. Tradition Fin. Servs. Inc.*, No. 09 CIV. 7966 (HB), 2009 WL 5125113, at *2 fn.1 (S.D.N.Y. Dec. 29, 2009) ("where arbitration is to proceed in another district, as in this case, only a stay is available").

Herman also argues that a stay is not warranted because Defendants are "in default" under Section 3 of the FAA because they "refused [ ] Plaintiff's demand for arbitration."  ECF No. 24 at 15-16.  This is simply another version of the waiver argument, which Judge Lehrburger properly held is for an arbitrator.  ECF No. 22 at 3-6.  As the Second Circuit has noted, there has been a slow merger of a waiver defense from the "statutorily mandated inquiry in § 3 cases – whether the 'applicant for the stay is … in default in proceeding with such arbitration' – into a broader equitable defense in § 4 cases."  *Distajo*, 66 F.3d at 456.  Ultimately, the Second Circuit articulated a clear standard, regardless of which section of the FAA applied: "cases where the waiver defense was based on prior litigation by the party seeking litigation" should be decided by the court, and cases where waiver was based on "other actions" (not litigation) should be decided by an arbitrator.  *Id.*

11

That is precisely the language Judge Lehrburger cited and applied in his decision.  ECF No. 22 at 5.[4]

      Lastly, Herman objects to Judge Lehrburger's determination that a stay was required under *Smith v. Spizzirri*, 601 U.S. 472 (2024).  ECF No. 24 at 16.  In arguing that the Supreme Court did not address the "in default" language in Section 3 of the FAA, Herman misses the point that a stay is mandatory, not discretionary, under the circumstances here. "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, [Section] 3 of the FAA **compels** the court to stay the proceeding."  ECF No. 22 at 7 (*citing* 601. U.S. at 478) (emphasis added).

      Ultimately, Herman seems to believe that his waiver argument is so convincing that all of his actions must be in service of protecting that objection.  For example, to preserve his view "that the Defendants have no intention of arbitrating at all" (ECF No. 24 at 19), Herman has not done what any reasonable person would have done after Judge Lehrburger issued the Arbitration Order: ask.  The only way to find out if the "procedural thicket" (*id*.) that he predicts will actually come to pass is to comply with the Partnership Agreement's dispute resolution process.  Herman has not reached out to Defendants, seeking to coordinate arbitration, or otherwise.  It is Herman, as plaintiff, who must pursue his claims; Defendants have no obligation to invite him to what they expect, based on his prior conduct, will be a pointless mediation followed by time-consuming, expensive, and meritless arbitration.  Just as Judge Lehrburger refused to allow Herman to weaponize his *pro se* status, this Court should reject Herman's attempt to portray himself as the

---

[4] Even if the Court has an independent duty under Section 3 of the FAA to consider whether Defendants are in "default," *i.e.*, refused to arbitrate (*Apple & Eve, LLC v. Yantai North Andrew Juice Co., Ltd.*, 610 F.Supp.2d 226, 229-30 (E.D.N.Y. 2009)), Judge Lehrburger properly found, based on emails that Herman himself submitted, that "Defendants did not refuse to arbitrate … they rejected mediation, a precursor to arbitration, as premature."  ECF No. 22 at 6 fn.4.

victim when he can and should help himself.

### IV.

### HERMAN'S PROCEDURAL ARGUMENTS AND OTHER REQUESTS FOR RELIEF WERE PROPERLY REJECTED

The final sections of Judge Lehrburger's decision address Herman's three "procedural arguments" against a stay, as well as five requests for relief that Herman submitted with his opposition to Defendants' motion to stay. ECF No. 22 at 8-12.[5] Herman's Objections to these ancillary decisions are baseless.[6]

Herman's most detailed objection concerns Local Rule 7.2, which requires *pro se* parties to be provided with copies of unpublished decisions. ECF No. 24 at 21-22. Herman argues that "Judge Lehrburger adopted the erroneous statement by [ ] Defendants that they did not have to comply with this rule because [ ] Plaintiff surely had access to the cases himself because [ ] Plaintiff's opposition to the motion cited an unpublished opinion." ECF No. 24 at 21.

*First*, Defendants never argued that they need not comply with Local Rule 7.2. Instead, Defendants noted that, as a lawyer with access to Westlaw and other electronic databases, Herman was not a "typical" *pro se* party, and further highlighted the apparent lack of prejudice he suffered, as he was able to discuss an unpublished decision (*Gerena v. Neurological Surgery, P.C.*, No. 15-CV-4634, 2016 WL 3647782 (E.D.N.Y. June 9, 2016)) at length in his opposition. ECF No. 20 at 8-9.

---

[5] Of Judge Lehrburger's eight total rulings on these items, Herman has not objected to two: (i) Defendants' initial briefing schedule pursuant to Local Rule 6.1 caused Herman no prejudice as the court almost immediately set a new schedule that provided him more than four weeks to respond (ECF No. 22 at 9); and (ii) the denial of his request for sanctions without prejudice for failure to file a motion in accordance with Rule 11(c) (*id.* at 12). This section responds to his objections regarding Local Rule 7.2, his request for a default judgment, and his requests to amend the complaint, for a pretrial conference, and for some unspecified relief related to redacted documents. Herman's objection to Judge Lehrburger's ruling on his request to disqualify Defendants' counsel is addressed in Section II. above.

[6] Herman does not address at all Judge Lehrburger's observation that most of Herman's requests were improper for failure to file a separate motion and could have been denied on that basis alone. ECF No. 22 at 10 fn.7.

*Second*, the crux of Judge Lehrburger's holding on this point was that Herman never reached out to defense counsel requesting copies of unpublished decisions (such that his ability to oppose the motion would not be impaired). ECF No. 22 at 8-9. Judge Lehrburger properly considered these facts and, consistent with his "broad discretion to overlook a party's failure to comply with local court rules," refused to permit Herman to "opportunistically invoke his *pro se* status." *Id.* at 9 (*citing Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024)). Although Herman now protests that he did not have access to unpublished decisions – a dubious claim considering that *Gerena* and virtually all other unpublished decisions cited in Defendants' papers are available for free through Google Scholar, or, if there are concerns about authenticity or accuracy, for very low cost through PACER – he has not shown why, given the court's authority under *Commerzbank*, Judge Lehrburger's decision is "clearly erroneous or [ ] contrary to law."

Next, Herman argues that denial of his request for a default judgment was "incorrect as a matter of law," citing *S & R Co. of Kingston v. Latona Trucking, Inc*., 159 F.3d 80, 83-84 (2d Cir. 1998). ECF No. 24 at 22. But despite Herman's arguments to the contrary, *S & R* did not hold that a defendant can only raise arbitration as a defense in an answer. Instead, the Second Circuit noted that none of the defendants ever raised "arbitration and award" as a defense in their answers, and, considering other relevant factors, concluded that defendants had waived their right to arbitrate. 159 F.3d at 82, 83-85. As Judge Lehrburger noted, answering the complaint "would have been inconsistent with Defendants' request to stay the case and compel arbitration." ECF No. 22 at 10. *See also ITT World*, 422 F.2d at 78-83 (considering fact that defendant had answered in waiver analysis). Moreover, Herman ignores the fact that, as a practical matter, *Smith v. Spizzirri* bars a motion to dismiss in conjunction with a motion to stay. 601 U.S. at 476-79 (discussing mandatory stay language under Section 3 of the FAA and rejecting court's authority

14

to dismiss).  Thus, Defendants' only option was to move to stay, which, ***even when untimely***, has been held a proper response to a complaint, and sufficient to deny requests for default judgment. *See, e.g., Clinton v. Oppenheimer & Co. Inc.*, 824 F. Supp. 2d 476, 487-88 (S.D.N.Y. 2011) (denying motion for default judgment when defendant filed a motion to compel arbitration three weeks after its deadline to respond to the complaint); *Caruso Glynn, LLC v. Sai Tr.*, No. 11 CV 4360 VB, 2012 WL 4053802, at *2, *7 (S.D.N.Y. July 9, 2012) (denying motion for default judgment when defendants moved to dismiss and stay in favor of arbitration three months after service of the complaint).

In a total of ten sentences, Herman urges the Court to grant his motion to amend the complaint, renews his request for a pretrial conference, and objects to Defendants' redaction of documents submitted in support of their motion.  ECF No. 24 at 22-23.  Such "conclusory or general" objections are insufficient under Rule 72(a).  *Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 459 (S.D.N.Y. 2019) (*citing Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009)); *see also La Grande v. Adecco*, 410 F. Supp. 2d 96, 98 (N.D.N.Y. 2006) (finding procedural default where plaintiff submitted "non-specific and frivolous" objections to magistrate's non-dispositive order).  There is no reason to set aside Judge Lehrburger's decision with respect to any of these rulings.

### V.

### "CLEARLY ERRONEOUS" OR "CONTRARY TO LAW" DOES NOT ENCOMPASS POTENTIAL "POISONING" A POOL OF ARBITRATORS OR JUDICIAL "BIAS"

Many of Herman's Objections arise from his baseless accusations that Judge Lehrburger's decision will "taint" or "poison" the potential pool of arbitrators.  ECF No. 24 at 2, 7, 19-20. Setting aside the fact that Herman's claims are frivolous and unsupported, he cites no authority for the proposition that theoretical prejudice from an unfavorable decision falls within the "clearly

erroneous or [ ] contrary to law" standard required to set aside a magistrate's decision entirely. To the extent Herman objects to specific "findings of fact" (*see, e.g., id.* at 2), his objections are not well taken.

Herman argues that the "sole source" for Judge Lehrburger's "insulting statement" that the parties engaged in "negotiations" from March 2023 to August 2023 (*id.* at 12) was the declaration of Brian Muldrew filed in support of Defendants' motion (ECF No. 15, the "<u>Muldrew Declaration</u>"). That is wrong. Judge Lehrburger cited only documents filed by Herman (*see* ECF No. 22 at 4 and 7 fn.4 (*citing* ECF Nos. 19-1 and 19-2)), and, given the absence of any dispute as to arbitrability, held that he "need not consider whether certain assertions in [the Muldrew Declaration] are impermissible hearsay, as Herman argues." ECF No. 22 at 5-6 fn.3. In other words, Judge Lehrburger did not rely on, much less "adopt," statements from the Muldrew Declaration. ECF No. 24 at 14, 21.[7]

More broadly, Herman objects to what he perceives to be "mischaracterization" of events – in many cases, focusing on specific words and phrases in Judge Lehrburger's opinion. *See, e.g.*, ECF No. 24 at 8 ("mischaracterized" an email conversation from March 2025), 11 ("mischaracterized" as "negotiations" the "coercion" that Herman suffered before his exit from the Firm), 12 ("misleadingly described the arbitration agreement" and "characterization of the dollar amount as a 'demand'"), 21 ("last-ditch"). Herman wants certain "offending language" excised from the decision, even while recognizing the likely futility of that remedy given that Judge Lehrburger's decision is publicly available. ECF No. 24 at 14. Herman cites no authority holding that Rule 72(a) permits the Court to "amend and restate" (*id.* at 11, 13-14, 24) a

---

[7] Although Herman complains that the Muldrew Declaration was improper for lack of personal knowledge or other reasons, he relies on the exact same declaration when it suits him. *See* ECF No. 24 at 5 (*citing* the Muldrew Declaration as proof that Defendants "substantively participated in [ ] litigation").

magistrate's decision on a non-dispositive matter – particularly where the sole basis for the objection is a party's unreasonable complaint over largely neutral language.

Lastly, Herman's hyper-sensitivity is not just frivolous – it is also offensive. Sprinkled throughout Herman's objections are statements that Judge Lehrburger harbors some personal animus against Herman. For example:

- "Judge Lehrburger has peppered his opinion, issued to decide only a procedural matter, with a characterization of events that is decidedly ***biased in favor of [ ] Defendants*** in a way that will improperly influence any arbitrator." ECF No. 24 at 13 (emphasis added).

- "This sentence not only dismisses the procedural arguments. It also – with the phrase "last-ditch" – gratuitously suggests that [ ] Plaintiff's entire preceding argument against arbitration constituted an act of desperation. ***Magistrate Judge Lehrburger seems to be looking for opportunities to send [ ] Plaintiff's case to an arbitrator with an official imprimatur of disapproval***." *Id*. at 21 (emphasis added).

Many *pro se* plaintiffs attempt some version of the bias argument when they are displeased with a magistrate's decision. *See, e.g.*, *Carter v. Artuz*, No. 95 CIV. 2361 CSH KNF, 1999 WL 46685, at *1-4 (S.D.N.Y. Feb. 1, 1999).[8] However, Herman, as a licensed attorney, is held to a higher standard. *See Cox v. Department of Justice*, 111 F.4th 198, 207 (2d Cir. 2024) ("[a]lthough Cox is proceeding *pro se*, he does not receive the special solicitude typically owed *pro se* litigants because he 'is not a typical pro se litigant; he is an attorney'") (citations omitted). Herman has offered no proof that Judge Lehrburger had any bias in favor of Defendants or an intent to sway

---

[8] Herman has not suggested that Judge Lehburger should have been or should be disqualified, a motion that would be brought under 28 U.S.C. §§ 144 and 455(b)(1). To the extent he does seek such relief, that request would – like his requests in connection with Defendants' motion to stay – be improper for failure to file a separate motion. *See* ECF No. 22 at 10 fn.7.

the potential pool of arbitrators.  As an officer of the court, Herman should not be so cavalier about making unfounded accusations of bias.  *See, e.g.*, *In re Sanchez*, 790 Fed. App'x 293, 295-96 (2d Cir. 2019) (affirming district court order sanctioning *pro se* attorney because "a court may exercise its inherent authority to sanction an attorney who has acted in bad faith *or* 'has negligently or recklessly failed to perform his responsibilities as an officer of the court'") (*citing Wilder v. GL Bus Lines*, 258 F.3d 126, 130 (2d Cir. 2001) (emphasis in original); *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 CIV 0400 (NRB), 2008 WL 4386764, at *14-15 (S.D.N.Y. Sept. 24, 2008), *aff'd,* 356 F. App'x 535 (2d Cir. 2009) (granting Rule 11 sanctions against *pro se* attorney for filing "frivolous claims").  In the absence of any showing that Judge Lehrburger's decision is "clearly erroneous or [ ] contrary to law," this Court should reject Herman's Objections.

## <u>CONCLUSION</u>

Defendants respectfully request that this Court: (a) reject Herman's Objections and other requests for relief in their entirety, and (b) grant such other relief as is just and proper.

Dated:  September 22, 2025                    Respectfully submitted,


*/s/ Brian L. Muldrew*
**KATTEN MUCHIN ROSENMAN LLP**
Brian L. Muldrew
Tenley Mochizuki
50 Rockefeller Plaza
New York, New York, 10020
Telephone: (212) 940-6581
brian.muldrew@katten.com
tenley.mochizuki@katten.com

*Attorneys for Defendants Katten Muchin Rosenman LLP, Noah S. Heller and Michael I. Verde*

## <u>WORD COUNT CERTIFICATE</u>

Pursuant to Local Civil Rule 7.1, I hereby certify that this document complies with the word-count limitations prescribed under this Court's local rules. This brief was prepared using Microsoft Word 365 and contains 6,058 words, exclusive of the material not counted under Local Civil Rule 7.1.

Dated:  September 22, 2025
       New York, New York

                                  **KATTEN MUCHIN ROSENMAN LLP**

                                  */s/ Brian L. Muldrew*
                                  Brian L. Muldrew
                                  50 Rockefeller Plaza
                                  New York, New York 10020
                                  Telephone: (212) 940-8800
                                  brian.muldrew@katten.com