UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEWART B. HERMAN,

Plaintiff,

-v.-

KATTEN MUCHIN ROSENMAN LLP, et al.,

Defendants.

25 Civ. 3162 (JHR) (RWL)

OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

Before the Court are the objections of Plaintiff Stewart B. Herman, pursuant to Federal Rule of Civil Procedure 72(a), ECF Nos. 23, 24 (Objections), to Magistrate Judge Robert W. Lehrburger's Decision and Order, ECF No. 22 (Order), granting Defendants' motion to stay this action pending arbitration, ECF No. 13. For the reasons stated below, the Court overrules Plaintiff's objections.

## BACKGROUND[1]

Plaintiff was "employed by [Defendant Katten Muchin Rosenman LLP ('Katten')] in its New York office from December 6, 2013 to August 4, 2023 with the title of capital partner." ECF No. 1-1 (Compl.) ¶ 3. On April 12, 2025, Plaintiff, acting *pro se*, brought this suit against Defendants Katten; its Chief Executive Officer, Noah S. Heller; and its General Counsel, Michael I. Verde, *id.* ¶ 4, alleging that Defendants had "targeted the successful aircraft-finance practice group that had been an integral part of Katten for decades for elimination because its two partners, practice head Timothy Lynes and [Plaintiff], were in their 60s." *Id.* ¶ 1. On April 27, 2025, the Court referred the case to Judge Lehrburger for general pretrial management and for reports and recommendations on dispositive motions. ECF No. 6.

[1] The Court assumes the parties' familiarity with the factual background of this case.

On May 21, 2025, Defendants moved to stay the case and to compel arbitration of Plaintiff's claims, ECF No. 13, pursuant to the "written partnership agreement that Plaintiff signed when he joined Katten," ECF No. 14 at 7. Plaintiff filed an opposition on June 18, 2025, ECF Nos. 17, 18, in which he also made several additional requests for relief, and Defendants filed their reply on July 8, 2025, ECF No. 20. On August 27, 2025, Judge Lehrburger granted Defendants' motion to stay but denied their motion to compel arbitration. *See* Order.

In reaching his determination, Judge Lehrburger noted that "the parties [] d[id] not dispute that the Agreement reflects a valid agreement to arbitrate and that Plaintiff's claims in this litigation fall within the broad scope" of the Agreement's arbitration provision. *Id.* at 3. Instead, the predominant question was whether Plaintiff's argument that Defendants had "waived their right to invoke" the arbitration provision "during the parties' pre-litigation negotiations regarding [Plaintiff's] departure from the Firm" could "be decided by the Court or . . . [was] a question itself to be resolved by an arbitrator." *Id.* at 3–4. Judge Lehrburger concluded that Plaintiff's waiver argument was "for the arbitrator." *Id.* at 6.

As the Agreement "designate[ed] Katten's office in Chicago as the place of arbitration," *id.* at 2, Judge Lehrburger concluded that, "[a]bsent the parties' consent to arbitrate in [the Southern District of New York] – which [Plaintiff] had declined to provide . . . – the Court c[ould not] compel arbitration in Chicago." *Id*. at 7 (explaining that "[a] federal court [] 'lacks authority pursuant to 9 U.S.C. § 4 to compel arbitration outside its district'" (quoting *Sea Spray Holdings, Ltd. v. Pali Financial Group, Inc.*, 269 F. Supp.2d 356, 363 (S.D.N.Y. 2003)). But because the "lawsuit involve[d] an arbitrable dispute," "the FAA compel[ed] the court to stay the proceeding." *Id.* at 7 (internal quotations and citation omitted). Judge Lehrburger also rejected Plaintiffs' "procedural arguments" relating to Defendants' failure to furnish "courtesy copies of unpublished cases" and "to follow the Court's procedures for filing documents under seal." *Id.*

at 8-9. Finally, he also denied Plaintiff's additional requests, "including [requests for] a default judgment, leave to amend the complaint, disqualification of defense counsel, sanctions, and a pretrial conference." *Id.* at 10.

On September 8, 2025, Plaintiff filed his Objections.[2] ECF No. 23. Defendants filed an opposition to the Objections on September 22, 2025, ECF No. 28 (Opp.), and Plaintiff filed his reply on September 29, 2025, ECF No. 29.

**LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine non-dispositive pretrial matters. "Motions to compel arbitration are non-dispositive and therefore within a magistrate judge's purview to 'hear and determine' pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)." *Xiaohong v. Dingledine*, No. 23 Civ.11094 (GHW) (RFT), 2025 WL 1604001, at *1 (S.D.N.Y. June 6, 2025) (citation omitted).

District courts "must consider timely objections" to a magistrate judge's ruling on such matters and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010); *Soler v. United States*, No. 10 Civ. 4342 (RJH), 2010 WL 5173858, at *2 (S.D.N.Y. Dec. 20, 2010). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, [] left with the definite and firm conviction that a mistake has been committed.'" *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *DeFrancesco v.*

[2] On September 14, 2025, Plaintiff also filed a motion to correct filing errors and citations. ECF No. 27.

*Mirador Real Est.*, No. 18 Civ. 4032 (VSB), 2022 WL 203147, at *1 (S.D.N.Y. Jan. 24, 2022). If "[a] party[] fail[s] to present timely arguments . . . to a magistrate judge prior to the magistrate's ruling, thereby depriving the magistrate of the opportunity to rectify any alleged errors," then the party "waives [his] right to present those arguments or materials to the district court on appeal from the magistrate's nondispositive order." *Walker v. Carter*, No. 12 Civ. 05384 (ALC) (RLE), 2016 WL 6820554, at *4 (S.D.N.Y. Feb. 4, 2016) (internal quotations and citation omitted).

## DISCUSSION

Plaintiff "ha[s] not met [his] heavy burden" of "show[ing] that" Judge Lehrburger's "[O]rder was clearly erroneous or contrary to the law." *Kumaran v. Vision Fin. Markets, LLC*, No. 20 Civ. 3871 (GHW), 2022 WL 17540669, at *2 (S.D.N.Y. Dec. 6, 2022) (overruling Plaintiff's objections to order compelling arbitration).

First, Plaintiff contends that the Order "fail[s] to recognize that Defendants' conduct in the Plaintiff's case before the Equal Employment Opportunity Commission ('EEOC'), the Employee Benefits Security Administration ('EBSA'), and the New York State Division of Human Rights ('NYSDHR') before the filing of the Complaint amounted to substantive litigation activity" and therefore waived arbitration. Objections at 3. While acknowledging that generally "the arbitrator is the proper individual to determine if the party seeking arbitration has waived its right to arbitration," *id.*; *see* Order at 4-5, Plaintiff argues that "the court, and not the arbitrator, must make that determination if 'the party seeking arbitration has participated in litigation on the dispute.'" Objections at 3; Order at 4-5 (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *Pacelli v. Augustus Intelligence, Inc.*, 459 F. Supp. 3d 597, 614 (S.D.N.Y. 2020)); *see Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 394 (2d

Cir. 2011) ("Both waiver and estoppel generally fall into that latter group of issues presumptively for the arbitrator."). Plaintiff did not raise this argument in opposing Defendants' motion to stay and to compel arbitration. *See generally* ECF Nos. 17, 18. "[A]s a general matter, arguments made for the first time in objection are waived." *Yunus v. Robinson*, No. 17 Civ. 5839 (AJN), 2019 WL 168544, at *7 (S.D.N.Y. Jan. 11, 2019) (collecting cases). In fact, as Defendants note, Plaintiff asserted before Judge Lehrburger that Defendants had "waived their right to arbitrate because they expressly *refused to participate* in a mediation, arbitration or other resolution processes." Opp. at 10.

Even if the Court were to consider Plaintiff's waiver-by-litigation-conduct argument, "participation in the EEOC and DHR investigations, while engaging [] claims on their merits, is not considered 'litigation' for the purposes of determining waiver." *Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522, 529 (S.D.N.Y. 2015); *Gravagna v. Terminix Int'l, Inc.*, No. 8 Civ. 5448, 2008 WL 2765336, at *1 (S.D.N.Y. July 9, 2008) (holding that "defendants did not avail themselves of any right to litigate" by participating in DHR investigation); *Palmer v. Starbucks Corp.*, 735 F. Supp. 3d 407, 420 (S.D.N.Y. 2024) (rejecting waiver argument where defendants had participated in New York City Commission on Human Rights investigation because "merely responding to a complaint made to an administrative agency, or engaging in the minimal level of litigation undertaken by Defendants, does not rise to the substantial, prejudicial level of activity required to demonstrate waiver in this Circuit" (cleaned up)).

Plaintiff contends that Defendants "misread the two cases they cite"—*Gonder* and *Palmer*—because Defendants "did much more than" merely "participate" in an agency investigation by submitting "two briefs, along with an affidavit of Katten aviation practice group head Timothy Lynes." Reply at 12. The Supreme Court has stated, however, that "the proarbitration policy goals of the FAA do not require [an] agency to relinquish its statutory

authority if it has not agreed to do so." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002); *Brevard v. Credit Suisse*, No. 23 Civ. 428 (LJL), 2024 WL 36991, at *9 (S.D.N.Y. Jan. 3, 2024) ("EEOC is not bound by private arbitration agreements."); *Charter Commc'ns, Inc. v. Jewett*, 573 F. Supp. 3d 742, 748, 756 (N.D.N.Y. 2021) (similar in context of NYSDHR). Accordingly, "the Court finds no basis for waiver where defendants properly responded to investigation and did not needlessly delay its administration with a futile attempt to compel arbitration." *Brown v. Coca-Cola Enters., Inc.*, No. 8 Civ. 3231 (JFB) (ETB), 2009 WL 1146441, at *12 (E.D.N.Y. Apr. 28, 2009) (finding no waiver following NYSDHR investigation that lasted "one year" where "defendants [had] engaged in discovery procedures"); *see Palmer*, 735 F. Supp. 3d at 420 (finding no waiver where defendants had "adjudicate[d] the[ir] disputes in the City Commission for years, without referencing any arbitration agreement"); *Brevard*, 2024 WL 36991, at *9 ("As a result, any effort to compel arbitration before the EEOC is straightforwardly unavailing," and a "party's decision to eschew 'a futile attempt to compel arbitration' before the EEOC therefore does not evince an intentional relinquishment of the right to arbitrate.") (internal citation omitted); *LeRoy v. Amedisys Holding LLC*, No. 21 Civ. 105 (JLS) (LGF), 2022 WL 394568, at *6 (W.D.N.Y. Feb. 9, 2022) ("It is inconsistent for Plaintiff to pursue his claim before the DHR requiring Defendant's compliance with DHR's investigation and to later interpose the attendant time in processing the complaint as a 'defense' against Defendant's demand for arbitration in response to Plaintiff's action in this court.").

Second, Plaintiff argues that Judge Lehrburger (i) "should not have made factual finding[s]" concerning whether Defendants waived arbitration as a result of their "refusal to arbitrate" during "the parties' pre-litigation negotiations regarding [Plaintiff's] departure from the Firm," once Judge Lehrburger concluded that this question was appropriately reserved for the arbitrator, *id.* at 10-11; (ii) "mischaracterize[d]" Plaintiff's arguments, *id.* at 11; and (iii)

"taint[ed]" the waiver issue for a "future arbitrator's consideration," *id.* at 7. Plaintiff maintains that the "way for the Court to rectify these errors is to hold a summary jury trial, as required by Section 4 of the Federal Arbitration Act," *id.* at 11.

As a preliminary matter, "[i]t is not unusual for parties to make arguments or seek relief in the alternative, *and for courts to make findings in the alternative*." *In re Pellechia*, No. 16 Civ. 1781(AWT), 2017 WL 11446764, at *2 (D. Conn. Dec. 1, 2017) (emphasis added); *Weston v. Capra*, No. 18 Civ. 05770 (PMH), 2022 WL 2914506, at *4 (S.D.N.Y. July 25, 2022) (considering report and recommendation's finding "in the alternative"); *Read v. Calabrese*, No. 11 Civ. 459 (GLS) (DEP), 2015 WL 1400542, at *2 (N.D.N.Y. Mar. 26, 2015) (finding no clear error in either of report and recommendation's "two alternative bases justifying dismissal"). By applying the "few in-Circuit cases where courts address a movant's pre-litigation refusal to arbitrate," ECF No. 22 at 6 n.4, Judge Lehrburger simply "ma[d]e [a] finding[] in the alternative," *Pellechia*, 2017 WL 11446764, at *2.

As for Plaintiff's argument that a summary trial was required if findings with respect to waiver were made, Objections at 19, "a trial is necessary" only when "there is an issue of fact as to the making of the agreement for arbitration." *Carter v. Ralph Lauren Corp.*, 683 F. Supp. 3d 400, 410 (S.D.N.Y. 2023) (internal quotations and citation omitted). Because Plaintiff "d[id] not even raise a threshold issue of arbitrability," ECF No. 22 at 5 n. 3 (citing *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012)), Judge Lehrburger correctly concluded that "the Court [did] not [need to] determine if there [were] issues of fact for which a summary jury trial [wa]s required under Section 4 of the FAA," *Id.* at 5. Insofar as Plaintiff seeks a summary trial pursuant to the language of Section 4 providing that, "[a] party aggrieved by the alleged failure, neglect, or refusal *of another* to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the

manner provided for in such agreement," and "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof," *see* Objections at 17, the Second Circuit has held that "acts *by the petitioner* constituting waiver of the right to arbitrate did not fall within" the "failure, neglect, or refusal of another [i.e., the respondent to the § 4 petition] to arbitrate" categories covered by Section 4. *Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 454 (2d Cir. 1995) (internal quotations and citation omitted).

With respect to the findings themselves, the Court is not "left with the definite and firm conviction that a mistake has been committed." *McAllan*, 517 F. Supp. 2d at 678. The email attached as Exhibit 2 to Plaintiff's Opposition, ECF No. 19-2, reflects that "both parties believed [that the arbitration clause in the Agreement] still governed their dispute after June 2023 and as late as March 2025," Order at 7 n.4, and is far from a "positive and unequivocal election" by Defendants to forego arbitration. *Zhang v. Wang*, 317 F. App'x 26, 28 (2d Cir. 2008) (concluding that "rejecting the offer of settlement" did not constitute waiver) (summary order). Moreover, contrary to Plaintiff's concern that Judge Lehrburger improperly relied on "the affidavit of the Defendants' counsel Brian Muldrew" because "Muldrew had no personal knowledge of the events he described in it," Objections at 12, Judge Lehrburger in fact relied on materials adduced by Plaintiff himself. Order at 7 n.4 (citing ECF Nos. 19-1, 19-2 (Exhibits 1 and 2 to the Affidavit of Stewart B. Herman)). Accordingly, Judge Lehrburger's findings themselves were not "clearly erroneous or [ ] contrary to law." Fed. R. Civ. P. 72(a).

Third, reframing the waiver argument, Plaintiff contends that "Judge Lehrburger erred in staying this case" because "Defendants are . . . in default in proceeding with arbitration." Objections at 16; *see Distajo*, 66 F.3d at 455-56 ("[T]he waiver defense has slowly been transformed from a statutorily mandated inquiry in § 3 cases—whether the 'applicant for the stay

is ... in default in proceeding with such arbitration'—into a broader equitable defense in § 4 cases."). As previously explained, while "Section 4 [of the FAA] precludes a court from compelling arbitration in a foreign district, the court may still determine that the dispute nonetheless remains referable to arbitration pursuant to Section 3, and *must then order a stay instead*." *Bd. of Trs. of AGMA Health Fund v. Aetna Life Ins. Co.*, No. 24 Civ. 5168 (RA), 2024 WL 4893269, at *3 (S.D.N.Y. Nov. 26, 2024) (emphasis added) (internal quotations and citations omitted) (staying case pending arbitration). In any case, "[t]he decision to stay the balance of the proceedings pending arbitration is a matter largely within the district court's discretion to control its docket." *Mobile Real Est., LLC v. NewPoint Media Grp., LLC*, 460 F. Supp. 3d 457, 480 (S.D.N.Y. 2020); *APS Tech., Inc. v. Brant Oilfield Mgmt. & Sales, Inc.*, No. 13 Civ. 6500 (LTS) (KNF), 2014 WL 12539360, at *1 (S.D.N.Y. July 23, 2014) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (internal citations and quotations omitted)). Having determined that the matter should proceed to arbitration, it was neither clearly erroneous nor contrary to law for Judge Lehrburger to stay the action "pending arbitration." *Mobile*, 460 F. Supp. 3d at 480.

Finally, Plaintiff takes issue with Judge Lehrburger's findings regarding Defendants' failure to provide copies of "unpublished opinions," the "unauthorized redaction of documents," and the denial of the "motion to supplement the Complaint." Objections at 21-23. Plaintiff also "renews [his] request for a pretrial conference" and reiterates his requests for "a default judgment" on the ground that Defendants moved to stay this action and compel arbitration instead of responding to the Complaint. *Id*. These objections "substantively repeat the same arguments" advanced in Plaintiff's opposition to the motion to stay and to compel. *Kumaran*, 2022 WL 17540669, at *6. "Rule 72(a) objections are not a mechanism to obtain a second bite

of the apple," and Plaintiff has fallen short of establishing that Judge Lehrburger's rulings on these issues were "clearly erroneous or contrary to the law." *Id.*

**CONCLUSION**

For the foregoing reasons, the Court overrules Plaintiffs' Objections to the Order, and the case remains stayed.

This case also remains referred to Judge Lehrburger for general pretrial management and for reports and recommendations on dispositive motions.

The Clerk of Court is directed to terminate ECF Nos. 23 and 27.

SO ORDERED.

Dated: July 28, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge